## BROWNING v STATE

Ohio Appeals, 2nd Dist, Miami Co

No 349.   Decided Nov 30, 1935

Goodrich & Goodrich, Troy, for plaintiff in error.

Paul T. Klapp, Pros. Atty., Troy, for defendant in error.

## OPINION

By BARNES, PJ.

We have read the evidence as presented in the record and without difficulty arrive at the conclusion that the evidence is adequate to support the verdict and judgment.

As to whether or not the defendant Browning actually participated in sawing the panel out of the door would be immaterial. There is evidence to the effect that he knew it was being done, thereafter entered the building and took some of the property therefrom. He also admits himself that he drove the car by which the goods were transported to the home of one of the boys.

The statute of this State provides that whoever aids or abets in the commission of a crime is guilty as a principal.

The motion for new trial was supported by affidavit claiming newly discovered evidence. In substance it sets out that the witness Yearsley, previously convicted of this same offense and then confined in a penal institution, after sentence, was brought back to Troy as a witness on behalf of the defendant, Browning. During a recess he was taken over to the County Jail and there was called into the cell and talked to by two other boys, at least one of whom had previously entered a plea of guilty and had given testimony on behalf of the State. In these affidavits in support of defendant, no information was presented as to the nature of the conversation. This is claimed misconduct. We can not so find. Neither do we find any other evidence admitted over the objection of the defendant prejudicial in its character.

Complaint is made that the court did not charge the jury fully in reference to the testimony of an accomplice. This ground of error is fully answered from the record, which fails to disclose that counsel for defendant made any request for a charge on this subject. The law is settled that counsel may not sit by and predicate error upon the court's failure to charge upon some subject which might be proper if requested. There is a duty of counsel to make the request and if the court then refuses, a reviewing court will determine whether or not the request was proper and the refusal prejudicial. We find no prejudicial error in the record.

The judgment of the lower court will be affirmed and costs will be adjudged against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.